## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**LEMETRIA DILLON**                                      **CIVIL ACTION**

**VERSUS**                                                      **NO. 23-5753**

**AMY JOBERT, ET AL.**                                **SECTION: D (1)**

## ORDER AND REASONS

Before the Court is a Motion to Dismiss Under Federal Rules of Civil Procedure 12(b)(1) and (6) filed by Defendants Amy Jobert and Chris Carkhuff[1] and a Motion to Dismiss Under Federal Rules of Civil Procedure 12(b)(1) and (6) filed by Defendant Adrian Bourgeois.[2]  The Plaintiff, Lemetria Dillon, filed two responses to Jobert and Carkhuff's Motion.[3]  Jobert and Carkhuff filed a Reply in support of their Motion.[4] After careful consideration of the parties' memoranda, the record, and the applicable law, the Court **GRANTS** both Motions to Dismiss.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of a child-support payment dispute.  Plaintiff Lemetria Dillon claims that Defendant Amy Jobert, a loan officer at Union Home Mortgage, drafted and sent a "child support letter" to Plaintiff while working with Defendant Adrian Bourgeois on a home loan application requesting certification that Bourgeois was up-to-date on his child support obligations.[5]  Plaintiff asserts that Jobert

---

[1] R. Doc. 7.
[2] R. Doc. 8.
[3] R. Docs. 10 & 12.
[4] R. Doc. 11.
[5] R. Doc. 1 at p. 4.

"inserted federal law warnings" underneath the child support letter and asked Plaintiff to sign the letter, even though Jobert "knew the statement she drafted was untruthful and fraudulent."[6]  Plaintiff signed the child support letter, certifying that Bourgeois was, in fact, up-to-date on his child support obligations.[7]  Plaintiff claims that she did not thoroughly read the letter until after she had signed it.[8]  Upon realizing that she had signed a "fraudulent document," Plaintiff "confessed [her] wrong doings [sic] in the 22nd Judicial district court, Federal Housing Administration and to the FBI."[9]

Plaintiff filed a Pro Se Complaint for a Civil Case in this Court against Defendants Amy Jobert, Adrian Bourgeois, and Chris Carkhuff (collectively, "Defendants"), seeking relief for Defendants' alleged violations of federal criminal law.[10]  In her Complaint, Plaintiff alleges that Jobert and Bourgeois violated 18 U.S.C. §§ 1001 and 1010 by drafting and sending the child support letter with knowledge that the statements contained therein were false.[11]  The Complaint does not elaborate on why Carkhuff is a named defendant or what his involvement is in the case.[12]  Plaintiff asserts that the basis for this Court's jurisdiction is federal question jurisdiction, specifically citing 18 U.S.C. §§ 1001 and 1010.[13]

---

[6] *Id.*
[7] *Id.*
[8] *Id.*
[9] *Id.*
[10] *Id.*
[11] *Id.* at p. 5.
[12] *See generally id.*
[13] *Id.* at p. 3.

The Defendants filed two separate Motions to Dismiss under Federal Rule of Civil Procedure 12(b)(1) and Rule 12(b)(6), arguing that Plaintiff failed to establish this Court's subject matter jurisdiction and to state any valid claim for relief.[14] Specifically, Defendants argue that because the Plaintiff's claims are premised on alleged violations of federal criminal statutes that do not provide private rights of action, Plaintiff has failed to establish subject matter jurisdiction and failed to state a cognizable claim for relief.[15]  Because Bourgeois' Motion is nearly identical to the Motion filed by Jobert and Carkhuff, the Court considers the Motions together.[16]

Plaintiff filed an "Objection to the Motion to Dismiss,"[17] arguing that dismissal for either failure to state a claim or lack of subject matter jurisdiction is invalid and asserting that her Complaint meets the pleading requirements under Federal Rules of Civil Procedure 7, 8, and 9.[18]  Defendants Jobert and Carkhuff filed a brief Reply in Support of their Motion to Dismiss, arguing that Plaintiff's response does not adequately address the Rule 12 issues presented in their Motion to Dismiss.[19] Without first seeking leave of Court, Plaintiff then filed a "Reply in Support of Objection to Motion to Dismiss" in which the Plaintiff largely cut and pasted her opposition brief, repeats the arguments previously raised in her prior response, and

---

[14] R. Docs. 7 & 8.

[15] R. Doc. 7-1 at pp. 3–4; R. Doc. 8-2 at pp. 3–4.

[16] *Compare* R. Doc. 8-2 *with* R. Doc. 7-1.

[17] R. Doc. 10.

[18] R. Doc. 10-1 at p. 2. Plaintiff also attached exhibits to her objection which the Court determines are improper to be considered for the reasons stated in the Analysis.

[19] R. Doc. 11.

argues that the Defendants unconstitutionally applied 18 U.S.C. §§ 1001 and 1010 to violate her rights.[20]

## II.    LEGAL STANDARD

### A.    Fed. R. Civ. P. 12(b)(1)

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenges a federal court's subject-matter jurisdiction.[21]   Under Rule 12(b)(1), "[a] case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."[22]   Lack of subject-matter jurisdiction may be found in the complaint alone, the complaint supplemented by the undisputed facts as evidenced in the record, or the complaint supplemented by the undisputed facts plus the court's resolution of the disputed facts.[23]   The party asserting jurisdiction carries the burden of proof when facing a Rule 12(b)(1) motion to dismiss.[24]   When a plaintiff asserts a civil claim under a federal statute which has no private right of action, the Court does not have subject matter jurisdiction.[25] "When, as here, grounds for dismissal may exist under both Rule 12(b)(1) and Rule 12(b)(6), the Court should, if necessary, dismiss only under the former without reaching the question of failure to state a claim."[26]

---

[20] R. Doc. 12

[21] *See* Fed. R. Civ. P. 12(b)(1).

[22] *Home Builders Ass'n. of MS, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).

[23] *In re FEMA Trailer Formaldehyde Products Liability Litigation*, 668 F.3d 281, 286 (5th Cir. 2012).

[24] *Randall D. Walcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 762 (5th Cir. 2011).

[25] *C&H Trucking, Inc. v. New Orleans Trucking and Rental Depot, Inc.*, No. CV 15-5678, 2016 WL 3854438 (E.D.La. July 15, 2016) (Feldman, J.)

[26] *Valdery v. La. Workforce Commission*, No. 15-01547, 2015 WL 5307390, at *1 (E.D. La. Sept. 10, 2015) (Vance, J.).

**B.**      **Fed. R. Civ. P. 12(b)(6)**

Under Federal Rule of Civil Procedure 12(b)(6), a defendant can seek dismissal

of a complaint, or any part of it, for failure to state a claim upon which relief may be

granted.[27]  To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

on its face.'"[28]  "A claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged."[29]  But, no matter the factual content, a claim is not

plausible if it rests on a legal theory that is not cognizable.[30]  In ruling on a motion to

dismiss, the Court accepts all well-pleaded facts as true and views those facts in the

light most favorable to the non-moving party.[31]  The Court, however, is not bound to

accept as true conclusory allegations, unwarranted factual inferences, or legal

conclusions.[32]  "Dismissal is appropriate when the complaint on its face shows a bar

to relief."[33]  "In deciding a motion to dismiss the court may consider documents

attached to or incorporated in the complaint and matters of which judicial notice may

be taken."[34]  The Fifth Circuit has held that, in the context of a Rule 12(b)(6) motion,

---

[27] Fed. R. Civ. P. 12(b)(6).
[28] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[29] *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Ashcroft*, 556 U.S. at 678) (quotation marks omitted).
[30] *Shandon Yinguang Chem. Indus. Joint Stock Co., Ltd. v. Potter*, 607 F.3d 1029, 1032 (5th Cir. 2010).
[31] *Midwest Feeders, Inc. v. Bank of Franklin*, 886 F.3d 507, 513 (5th Cir. 2018).
[32] *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005).
[33] *Cutrer v. McMillan*, 308 Fed. App. 819, 820 (5th Cir. 2009) (quotation and internal quotation marks omitted).
[34] *U.S. ex rel. Willard v. Humana Health Plan of Texas Inc.*, 336 F.3d 375, 379 (5th Cir. 2003) (citing *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017-18 (5th Cir. 1996)).

exhibits attached to the complaint "are part of the complaint 'for all purposes.'"[35]

Additionally, courts can take judicial notice of matters that are of public record,

including pleadings that have been filed in a federal or state court.[36]  A court may

also consider documents outside of the complaint when they are: (1) attached to the

motion to dismiss; (2) referenced in the complaint; and (3) central to the plaintiff's

claims.[37]

## III.    ANALYSIS

Because Defendants have filed Motions to Dismiss under both Rule 12(b)(1) as

well as Rule 12(b)(6), the Court first evaluates whether it has jurisdiction over the

present dispute before proceeding to analyze Defendants' Rule 12(b)(6) argument.[38]

"Federal courts are courts of limited jurisdiction. They possess only that power

authorized by Constitution and statute, which is not to be expanded by judicial

decree."[39] Subject-matter jurisdiction exists in two forms: diversity jurisdiction and

federal question jurisdiction.  Recognizing that Plaintiff is proceeding *pro se*, the

Court allows for a more liberal construction of her pleading.  With that said, even

under a less stringent standard, Plaintiff must still establish some basis for the

Court's subject matter jurisdiction.  The Court reviews Plaintiff's Complaint as to

---

[35] *U.S. ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 375 (5th Cir. 2004) (*citing* Fed. R. Civ. P. 10(c)).

[36] *In re American Intern. Refinery*, 402 B.R. 728, 749 (W.D. La. 2008) (citing *Cisco Systems, Inc. v. Alcatel USA, Inc.,* 301 F. Supp. 2d 599, 602 n.3 (E.D. Tex. 2004)).

[37] *Maloney Gaming Mgmt., LLC v. St. Tammany Parish*, 456 Fed. Appx. 336, 340–41 (5th Cir. 2011).

[38] *See Valdery v. La. Workforce Commission*, No. 15-01547, 2015 WL 5307390, at *1 (E.D. La. Sept. 10, 2015) (Vance, J.).

[39] *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994).

diversity and federal question jurisdiction to determine whether it has subject matter jurisdiction.

## A.    Diversity Jurisdiction

Plaintiff's sole claimed basis for jurisdiction is federal question jurisdiction in accordance with 28 U.S.C. § 1331.[40]  Nevertheless, the Court also considers whether it has diversity jurisdiction in this case.  Federal courts have diversity jurisdiction over civil actions in which the claim asserted is between "citizens of different states" and the amount in controversy exceeds the "sum or value of $75,000, exclusive of interest and costs."[41]   "[T]he plaintiff constantly bears the burden of proof that jurisdiction does in fact exist."[42]

Plaintiff does not allege in her Complaint that the Court has diversity jurisdiction in the present case, alleging that both she and Jobert are citizens of Louisiana.[43]  "Complete diversity requires that no plaintiff be a citizen of the same state as any defendant."[44]   Because it is undisputed that at least one of the Defendants is a citizen of the same state as the Plaintiff, there is no diversity of citizenship as required under 28 U.S.C. § 1332.

Diversity jurisdiction also requires the amount in controversy to exceed $75,000.[45]  Here, Plaintiff claims the amount in controversy is "more than 4,000 in

---

[40] *See* R. Doc. 1 at p. 3. Further, for the reason stated above, namely, that Plaintiff is proceeding *pro se*, the Court finds it appropriate to consider whether it has diversity jurisdiction.
[41] 28 U.S.C. § 1332(a).
[42] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).
[43] R. Doc. 1 at p. 3.
[44] *Green v. Stubbs*, No. 22-CV-05270, 2023 WL 3516210, at *2 (W.D. La. May 3, 2023) (citing *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 554 (2005)).
[45] 28 U.S.C. § 1332.

child support arrears."[46]  Because this figure falls well below the statutory minimum

and Plaintiff does not allege any other amount in her Complaint, the amount in

controversy requirement has not been met.  Lacking both complete diversity and the

requisite amount in controversy, Plaintiff has failed to establish the Court's diversity

jurisdiction over the present dispute.

## B.      Federal Question Jurisdiction

The Court next determines whether it has federal question jurisdiction in the

present case.  "Not every question of federal law emerging in a suit is proof that a

federal law is the basis of that suit."[47]  Federal question jurisdiction requires that a

civil action "aris[e] under the Constitution, laws, or treaties of the United States."[48]

In general, "criminal statutes do not create private causes of action that would

establish federal question jurisdiction."[49]  For a private right of action to exist under

a criminal statute, "there must be a statutory basis for inferring that a civil cause of

action of some sort lay in favor of someone."[50]

Here, Plaintiff cites two federal criminal statutes as the basis for federal

question jurisdiction, specifically 18 U.S.C. §§ 1001 and 1010.[51]  Those statutes

respectively criminalize fraudulent or false statements generally[52] and fraudulent or

false statements "for the purpose of obtaining any loan or advance of credit . . . with

---

[46] R. Doc. 1 at p. 4.
[47] *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 115 (1936).
[48] 28 U.S.C. § 1331.
[49] *Thomas v. Richard*, No. 21-CV-00982, 2022 WL 331228, at *2 (W.D. La. Feb. 3, 2022) (citing *Touche Ross & Co. v. Redington*, 442 U.S. 560, 575 (1979)).
[50] *Ali v. Shabazz*, 8 F.3d 22, 22 (5th Cir. 1993) (internal quotations omitted).
[51] R. Doc. 1 at p. 3.
[52] 18 U.S.C. § 1001.

the intent that such loan or advance of credit" would be offered to or accepted by the

Department of Housing and Urban Development.[53] The Fifth Circuit has directly

addressed whether a private citizen can bring a claim under 18 U.S.C. § 1001, holding

that it does not provide a cause of action for private citizens.[54] Numerous other courts

have held similarly.[55] Further, the language of 18 U.S.C. § 1010 provides no basis to

infer that a civil action could be brought by a private citizen under the criminal

statute.[56] The Court finds no reason to treat § 1010 any differently than § 1001.

Because 18 U.S.C. §§ 1001 and 1010 do not create private causes of action,

Plaintiff's Complaint does not arise under the laws of the United States. Accordingly,

this Court lacks federal question jurisdiction over the present dispute. Plaintiff may

not rely on these statutes to gain access to the federal courts. Lacking subject-matter

jurisdiction, the Court does not reach Defendants' arguments under Rule 12(b)(6).

## IV.    CONCLUSION

For the above reasons,

**IT IS HEREBY ORDERED** that Defendants Amy Jobert and Chris

Carkhuff's Motion to Dismiss under Federal Rules of Civil Procedure 12(B)(1) and

(6)[57] and Defendant Adrian Bourgeois' Motion to Dismiss Under Federal Rules of

---

[53] 18 U.S.C. § 1010.

[54] *Thomas v. Abebe*, 833 Fed. Appx. 551, 555 (5th Cir. 2020). While the Court recognizes that this is an unpublished opinion, and therefore not precedential, the Court nevertheless finds the case to be highly persuasive and directly applicable.

[55] *See, e.g.*, *Anderson v. Wiggins*, 460 F. Supp. 2d 1, 8 (D.D.C. 2006) ("Private causes of action are also precluded for the criminal statutes located at 18 U.S.C. §§ 1001 and 241."); *Johl v. Johl*, 556 F. Supp. 5, 7 (D. Conn. 1981) ("It is clear that these statutes [18 U.S.C. §§ 1001, 1010, and 1012] cannot serve to provide the plaintiff, a private citizen, with a cause of action in this civil case.").

[56] *See* 18 U.S.C. § 1010; *see also Griffith v. Citi Mortg. Inc.*, No. 16-CV-6042, 2016 WL 6601448, at *2 (E.D.N.Y. Nov. 7, 2016) ("Moreover, 18 U.S.C. §§ 1010 et seq. are criminal statutes with no private right of action.").

[57] R. Doc. 7.

Civil Procedure 12(B)(1) and (6)[58] are **GRANTED.**  Plaintiff's claims are dismissed without prejudice for lack of subject matter jurisdiction.

New Orleans, Louisiana, February 27, 2024.

**WENDY B. VITTER**
**United States District Judge**

---

[58] R. Doc. 8.