UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**LEMETRIA DILLON**                                     **CIVIL ACTION**

**VERSUS**                                              **NO. 23-5753**

**AMY JOBERT, ET AL.**                                  **SECTION: D (1)**

### ORDER AND REASONS

Before the Court is a Motion for Rule 11 Sanctions filed by Defendant Adrian Bourgeois.[1] The Plaintiff, Lemetria Dillon, did not file a response to the Motion.[2] In the instant Motion, Defendant Adrian Bourgeois seeks sanctions under Fed. R. Civ. P. 11 against the Plaintiff in the amount of $2500 because the Complaint was "filed solely to circumvent a previous support ruling in the 22nd Judicial District Court and the State Child Support Office" and "to harass Mr. Bourgeois."[3] Defendant avers that Plaintiff's frivolous filing caused the Defendant to suffer unnecessary legal expenses in the form of attorney's fees and costs.[4]

Rule 11 of the Federal Rules of Civil Procedure governs the imposition of sanctions for improper or vexatious pleadings by a party. "By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable

---

[1] R. Doc. 9.
[2] In neither Plaintiff's "Objection to Motion to Dismiss," R. Doc. 10, nor her "Reply in Support of Objection to Motion to Dismiss," R. Doc. 12, did Plaintiff specifically address the Defendant's Motion for Rule 11 Sanctions.
[3] R. Doc. 9-2.
[4] *Id.*

under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law."[5] While the Court has authority to issue Rule 11 sanctions on its own accord, a party seeking sanctions must file a motion for sanctions separately from any other motion describing "the specific conduct that allegedly violates Rule 11(b)."[6]

Importantly, any motion for sanctions "must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets."[7] This "safe harbor" provision "contemplates such service to give the parties at whom the motion is directed an opportunity to withdraw or correct the offending contention."[8] Here, nothing in the record demonstrates that Defendant Bourgeois served his sanctions motion on the Plaintiff prior to filing it in this Court. The Fifth Circuit has made clear that "[t]he plain language of the rule indicates that this notice and opportunity prior to filing is mandatory."[9] Defendant has not provided evidence that he complied with this procedural prerequisite. Therefore, the Court denies Defendant's Motion for Rule 11 Sanctions.

---

[5] Fed. R. Civ. P. 11(b).
[6] Fed. R. Civ. P. 11(c)(2).
[7] *Id.*
[8] *Elliott v. Tilton*, 64 F.3d 213, 216 (5th Cir. 1995).
[9] *Id.*; *see also In re Pratt*, 524 F.3d 580, 588, n.30 (5th Cir. 2008) ("[W]e have continually held that strict compliance with Rule 11 is mandatory.").

For the above reasons,

**IT IS HEREBY ORDERED** that the Motion for Rule 11 Sanctions filed by Defendant Adrian Bourgeois[10] is **DENIED**.

New Orleans, Louisiana, February 27, 2024.

*/s/ Wendy B. Vitter*
**WENDY B. VITTER**
**United States District Judge**

---

[10] R. Doc. 9.